# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON SLOAN, | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | **C.A.No. 14-249JOHNSTOWN** |
| | ) | **District Judge Gibson** |
| MELISSA HAINSWORTH, et al, | ) | **Magistrate Judge Baxter** |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss [ECF No. 14] be granted in part and denied in part. The motion to dismiss should be granted as to the access to courts claims as presently pled, but Plaintiff should be allowed to amend his complaint to more fully state the access claims and to allege the involvement of each Defendant. Furthermore, the motion to dismiss should be granted as to state law claims of aiding and abetting, due process, and conspiracy. Plaintiff should not be allowed to amend his complaint as to these claims.

The motion to dismiss should be denied as to the federal conspiracy claim and the retaliation claim.

It is further recommended that Plaintiff's motion for sanctions [ECF No. 20] be dismissed as there is no basis for the imposition of sanctions and this filing is liberally construed as an opposition brief.

**A.  Relevant Procedural History**

Plaintiff, a prisoner acting *pro se*, filed this civil rights action claiming that Defendants violated his civil rights during his incarceration at SCI Somerset from September of 2013 through November 12, 2014 (the date of the signing of the complaint). As Defendants to this action, Plaintiff names the following: Melissa Hainsworth; Daniel Gehlmann; Officer Harr; Jeffrey Shaffer; Robert Snyder; Gerald Rozum; Trevor Wingard; David Onstead; Mark Baker; Robert Bakos; Heidi Sroka; S.E. Hause; Officer Flick; Officer Redmun; and Officer Karl.

Plaintiff's lengthy complaint raises five types of legal claims: access to courts, aiding and abetting, destruction of personal property, conspiracy and retaliation. Plaintiff alleges:

> the actions of Hainsworth, Gehlmann, Harr, Shaffer, Snyder, Rozum, Wingard, Onstead, Baker, Bakos, Hause, Flick, Redmun and Karl in denying Plaintiff access to his stored legal property; denying Plaintiff possession of his extra legal property; denying Plaintiff adequate law library access; and destruction of Plaintiff's legal property constitutes the interference with and denial of access to the courts in violation of the Access to Courts Clause and Petition Clause of the United States Constitution's First Amendment;
>
> the actions of Defendants Snyder, Wingard, Bakos, Rozum, and Sroka giving false/inaccurate accounts and recitations of the events that took place and assisting in others doing such to conceal the wrong-doings committed against Plaintiff and his property constitutes Aiding & Abetting under Pennsylvania statutory, tort and common law;
>
> the actions of Defendants Hause, Flick, Redmun and Shaffer destroying Plaintiff's three pens, seven photographs, four books and four magazines constitutes negligence under Pennsylvania statutory, tort and common law;
>
> the actions of Defendants Snyder and Shaffer coming to a verbal agreement to wrongfully take Plaintiff's legal and personal property constitutes conspiracy under the United States Constitution and Pennsylvania statutory, tort and common law; and
>
> the actions of Defendants Hainsworth and Shaffer denying Plaintiff his legal property and taking Plaintiff's property wrongfully for Plaintiff filing and/or refusing to withdraw grievances constitutes retaliation in violation of the Free Speech Clause and the Petition Clause of the United States Constitution.

ECF No. 4, pages 44-45.

In response to the complaint, Defendants have filed a motion to dismiss, arguing that Plaintiff has failed to adequately state an access to courts claim, a negligence claim, a conspiracy claim, or a retaliation claim, and has failed to allege the necessary personal involvement of Defendants Rozum, Gehlmann, Wingard, and Sroka. Additionally, Defendants argue that Plaintiff's state law claims are barred by the Sovereign Immunity Act. ECF No. 14; ECF No. 15.

Plaintiff filed a motion for sanctions based upon defense counsel's arguments in Defendants' motion to dismiss. ECF No. 20. See also ECF No. 23; ECF No. 24. Plaintiff argues that the arguments are misleading and made with an intent to defraud the Court. Plaintiff was given the opportunity to file an opposition brief to the pending motion to dismiss [see ECF No. 16; ECF No. 26] and to date, has not filed such. This Court will liberally construe the points raised in Plaintiff's motion for sanctions as his opposition to the motion to dismiss.

### B. Standards of Review

#### 1) *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading

rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### 2) Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, 556 U.S. at 678 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be

4

enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### C. Access to Courts Claim

Plaintiff raises several separate access to courts claims against several Defendants.

Plaintiff summarizes that Defendants denied him access to courts by: 1) denying him access to his stored legal materials; 2) denying Plaintiff possession of his extra legal property; 3) denying him adequate law library access; and 4) destroying his legal property. ECF No. 4, page 44.

Defendants' motion to dismiss addresses only a single access claim involving the dismissal by the Commonwealth Court of an appeal in <u>Sloan v. Klopotosky</u>. According to the allegations of the complaint, this access claim is necessarily limited to the time period between January 14, 2014 (the date upon which Plaintiff was directed to file a brief and reproduced record in <u>Klopotosky</u>) and April 3, 2014 (the date upon which Plaintiff's appeal was dismissed for failure to file the brief and record in that case). ECF No. 4, ¶ 23, <u>et seq</u>. As the basis for their motion to dismiss, Defendants argue that Plaintiff was responsible for the denial of access to his legal material because he refused "to cooperate with the Defendants by failing to produce a copy of the exemption form, which allegedly gave him permission to access additional legal property." ECF No. 15, page 5. In opposition, Plaintiff argues that the exemption form was provided. This dispute of fact is irrelevant to whether Plaintiff has stated an access to courts claim.

Regardless of this dispute, Plaintiff has failed to adequately state an access to courts claim. It is well-settled that prisoners have a constitutional right to "adequate, effective and meaningful" access to the courts.[1] <u>Bounds v. Smith</u>, 430 U.S. 817 (1977).[2] However, prisoners

---

[1] The right of access to courts may arise in the context of the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection Clause. <u>See</u> <u>Christopher v. Harbury</u>, 536 U.S. 403, 415 n.12 (2002).

[2] The Supreme Court has identified two general categories of denial of access to courts claims. <u>Christopher</u>, 536 U.S. at 412-13. The first type is "forward-looking" claims which allege that official action frustrates a plaintiff in preparing and filing suit at the present time. <u>Christopher</u>, 536 U.S. at 413. The second category covers "backward –looking" claims which allege that

are limited to proceeding on access to courts claims challenging either their sentence (by direct or collateral attack) and their conditions of confinement, as the "impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis v. Casey, 518 U.S. 343, 355 (1996).

There are specific criteria that a district court must consider when determining whether a plaintiff has alleged a viable claim of denial of the right to access to the courts. A plaintiff must identify all of the following in the complaint: 1) a non-frivolous, underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a further suit. Christopher v. Harbury, 536 U.S. 403, 415 (2002). Importantly, the Supreme Court has noted that a plaintiff must demonstrate actual injury stemming from the denial of access. Lewis, 518 U.S. at 350.[3]

The Supreme Court has instructed that the underlying claim must be stated "in accordance with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure to the same degree as if the underlying claim was being pursued independently." Riley v. Beard, 2011 WL 1204264, at *17 (W.D. Pa. 2011) citing Christopher, 536 U.S. at 417. Inmates "must satisfy certain pleading requirements: The complaint must describe the underlying arguable claim well

---

official acts "have caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief …. These cases do not look forward to a class of further litigation, but backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable. The ultimate object of these sorts of access claims, then, is not the judgment in a further lawsuit, but simply the judgment in the access claim itself, in providing relief obtainable in no other suit in the future." Christopher, 536 U.S. at 413-14 (citations omitted).

[3] This actual injury requirement "derives from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." Lewis, 518 U.S. at 349.

enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" <u>Monroe v. Beard</u>, 536 F.3d 198, 205-06 (3d Cir. 2008) <u>quoting</u> <u>Christopher</u>, 536 U.S. at 416-17. Moreover, the explanation of the underlying lost claim "must be sufficiently specific to ensure that the district court can ascertain that the claim is not frivolous and that 'the arguable nature of the underlying claim is more than hope.'" <u>Riley</u>, 2011 WL 1204264, at *17, <u>citing</u> <u>Christopher</u>, 536 U.S. at 417.

Here, the allegations of the Complaint fail to state with the necessary specificity the facts regarding the underlying "lost" claim in the <u>Klopotosky</u> matter. Plaintiff claims he filed an appeal to the Commonwealth Court arguing that a clerical error made by the Prothonotary of Cumberland County "caused the inability to properly conduct pre-complaint discovery after having the summons served on the Defendants in <u>Klopotosky</u> in enough time to properly/appropriately submit a complaint in a fact pleading state such as Pennsylvania …" ECF No. 4, ¶ 75. Plaintiff explains that he "wished to pursue an appeal for <u>Klopotosky</u> but due to SCI Somerset prison officials refusal to permit Plaintiff access to his stored legal property he was unable to get the necessary paperwork to file a brief and reproduced record for the appeal. Plaintiff unsuccessfully submitted a motion for continuance to the Klopotosky court to have more time to properly appeal, and Klopotosky was dismissed. Due to the acts described above of the denial of access to stored legal property, extra legal property, denial of adequate law library access and destruction of legal property, denial of adequate law library access and destruction of legal property by prison officials, Plaintiff was unable to present his claim to court in a fact pleading state such as Pennsylvania." <u>Id</u>.

Without sufficient factual allegations regarding the underlying lost claim, this Court cannot speculate as to the merits of the access to courts claim and it is impossible to determine

8

whether Plaintiff has suffered the required actual injury. Furthermore, Plaintiff has not pled how each Defendant was personally involved in the deprivation of his right of access to the courts.[4] Moreover, all Plaintiff's access to courts claims suffer from this same deficiency. The access to courts claims should be dismissed. However, pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff should be permitted to amend his complaint in this regard.[5]

### D. Sovereign Immunity

Plaintiff purports to raise aiding and abetting and conspiracy claims under Pennsylvania state law. To the extent Defendants are being sued for monetary damages in their individual capacities, they are immune from Plaintiff's state and/or common law tort claims based on the doctrine of sovereign immunity. See 42 Pa.C.S. § § 8521-8522; 1 Pa.C.S. § 2310. None of the exceptions to sovereign immunity set forth in 42 Pa. C.S. § 8522 apply to these claims[6]. Thus,

---

[4] When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir.1988). Section 1983 liability cannot be predicated solely on *respondeat superior.* Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

[5] Federal Rule of Civil Procedure 15(a)(2) states that "the court should freely give leave when justice so requires." "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure).

[6] Section 8522(b) provides the following list of exceptions to the sovereign immunity covering Pennsylvania state actors, none of which apply here: (1) vehicle liability; (2) medical/professional liability; (3) care, custody, or control of personal property; (4)

the aiding and abetting and conspiracy claims against Defendants in their individual capacities should be dismissed. Plaintiff should not be allowed to amend his complaint as to these claims.

### E. Loss of Property

Plaintiff alleges that Defendants Hause, Flick, Redmun and Shaffer destroyed three pens, seven photographs, four books and four magazines. Although Plaintiff specifically characterizes this claim of one of negligence under state law, when these alleged facts are brought by way of a § 1983 action, they must be analyzed as a claim of due process.

The analysis of a due process claim stemming from the deprivation of a property interest focuses on the existence of a post-deprivation remedy. An unauthorized, intentional deprivation of property by government employees does not violate the Due Process Clause so long as there is a "meaningful post-deprivation remedy" available to the plaintiff. Hudson v. Palmer, 468 U.S. 517, 533 (1984). The prison grievance system has been deemed an adequate post-deprivation remedy. Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 421 (3d Cir. 2000).

This Court takes judicial notice of the fact that the Pennsylvania Department of Corrections has a grievance system in place. Because Plaintiff had adequate post-deprivation remedies available to him to contest the loss of his personal property, his due process claim fails as a matter of law and should be dismissed. Plaintiff should not be permitted to amend his complaint as to this claim as any such amendment would be futile.[7]

---

Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, and control of animals; (7) liquor store sales; (8) national guard services; and (9) toxoids and vaccines.

[7] See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) ("… a district court may exercise its discretion and deny leave to amend on the basis of … futility."). An amendment would be futile when the complaint, as amended, would fail to state a claim upon

### F. Conspiracy under Federal Law

Next, Plaintiff alleges that Defendants Snyder and Shaffer conspired to take Plaintiff's legal and personal property. Defendants argue that Plaintiff has failed to state a conspiracy claim.

In order to state a claim for civil conspiracy, a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." United Bhd. Of Carpenters & Joiners v. Scott, 463 U.S. 825, 828-29 (1983) citing Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971).

In order to demonstrate a conspiracy, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of state law.'" Parkway Garage, Inc. v. City of Philadelphia, 5 F.3d 685, 700 (3d Cir. 1993) quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970) abrogated on other grounds, United Artists Theatre Circuit, Inc. v. Township of Warrington, 316 F.3d 392 (3d Cir. 2003). A complaint alleging a conspiracy must make "factual allegations of combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events." Spencer v. Steinman, 968 F.Supp. 1011, 1020 (E.D. Pa. 1997).

---

which relief could be granted. In re NAHC, Inc. Securities Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Plaintiff's allegations are adequate to state a conspiracy claim at this early stage of the litigation. For example, Plaintiff alleges that Snyder and Shaffer came to a verbal agreement to take all of Plaintiff's legal property during the cell search on May 9, 2014. See also ECF No. 4, ¶¶ 29-41. Accordingly, the motion to dismiss should be denied in this regard.

### G. Retaliation

Finally, Plaintiff claims that the actions of Defendants Hainsworth and Shaffer in denying access to his legal property and taking his personal property were in retaliation for Plaintiff filing and/or refusing to withdraw grievances.

It is well-settled that "[g]overnment actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) quoting Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000).

In order to state a *prima facie* case of retaliation, a prisoner plaintiff must allege:

1) the conduct in which he was engaged was constitutionally protected;

2) he suffered "adverse action" at the hands of prison officials; and

3) his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him.

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002) quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). See also Holbrook v. Walters, 296 Fed. App'x 230, 233 (3d Cir. 2008).[8]

---

[8] Following the satisfaction of a *prima facie* case of retaliation, the burden then shifts to the defendants to demonstrate, by a preponderance of the evidence, that their actions would have been the same, even if plaintiff were not engaging in the constitutionally protected activities. Carter, 292 F.3d at 158.

12

Defendants argue that Plaintiff has not indicated which specific grievances were the substantial motivating factor in the retaliation and "without this information, Defendants are unable to fully assess Plaintiff's retaliation claim and file a complete response." ECF No. 15, page 12. Defendants' argument is inapposite here as this Plaintiff need not indicate a precise grievance to state a retaliation claim. This Court takes judicial notice that Plaintiff is a frequent filer of grievances and lawsuits and at this early stage of the proceedings, that is enough is satisfy the prima facie retaliation claim.

Defendants' motion to dismiss should be denied in this regard.

## III. CONCLUSION

It is respectfully recommended that that Defendants' motion to dismiss [ECF No. 14] be granted in part and denied in part. The motion to dismiss should be granted as to the access to courts claims as presently pled, but Plaintiff should be allowed to amend his complaint to more fully state the access claims and to allege the involvement of each Defendant. Furthermore, the motion to dismiss should be granted as to state law claims of aiding and abetting, due process, and conspiracy. Plaintiff should not be allowed to amend his complaint as to these claims.

The motion to dismiss should be denied as to the federal conspiracy claim and the retaliation claim.

It is further recommended that Plaintiff's motion for sanctions [ECF No. 20] be dismissed as there is no basis for the imposition of sanctions and this filing is liberally construed as an opposition brief.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within

fourteen (14) days of the filing of this Report and Recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto.  See Fed.R.Civ.P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

>                                  /s/ Susan Paradise Baxter
>                                  SUSAN PARADISE BAXTER
>                                  United States Magistrate Judge

Dated: January 21, 2016