# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON SLOAN, | ) | |
|     Plaintiff, | ) | Civil Action No. 14-249 Johnstown |
| | ) | |
| v. | ) | |
| | ) | District Judge Gibson |
| MELISSA HAINSWORTH, et al, | ) | |
|     Defendants. | ) | Magistrate Judge Baxter |

## MEMORANDUM OPINION AND ORDER

**Relevant Procedural History**

Plaintiff Aaron Sloan ("Plaintiff") initiated this *pro se* prisoner civil rights action pursuant to 42 U.S.C. § 1983 on November 14, 2014, setting forth claims against fifteen Defendants, and alleging that each violated his civil rights during his incarceration at SCI Somerset from September 2013 through November 12, 2014. ECF No. 1. In particular, Plaintiff alleges that Defendants interfered with and denied him access to his stored legal property in violation of the Access to Courts and Petition Clauses of the First Amendment to the United States Constitution; conspired to retaliate against him for filing lawsuits and grievances in violation of the First Amendment; and wrongfully destroyed personal property in violation of Pennsylvania law. ECF No. 4.

In response to the complaint, Defendants filed a motion to dismiss contending that Plaintiff failed to adequately plead an access to courts claim, a negligence claim, a conspiracy claim, and a retaliation claim, and failed to allege the necessary personal involvement of Defendants Rozum, Gerhlmann, Wingard, and Sroka.

1

Upon review of Plaintiff's complaint and Defendants' motion, the Court recommended that the motion to dismiss be denied as to Plaintiff's retaliation and federal conspiracy claims, but that Plaintiff's state and common law tort claims be dismissed as barred by doctrine of sovereign immunity. It was further recommended that Plaintiff's due process property loss claims be dismissed due to the availability of a post-deprivation remedy. ECF No. 30. Finally, the Court recommended dismissal of Plaintiff's access to courts claim because Plaintiff failed to plead facts sufficient to state a cognizable claim. In particular, Plaintiff did not allege facts which would permit the Court to determine whether Plaintiff suffered an actual injury to any underlying claim, and failed to allege the personal involvement of each named Defendant in the purported denial of access. It was recommended that Plaintiff be permitted to file an amended complaint to rectify the deficiencies in his access to courts claim but, due to futility, it was recommended that no amendment be permitted to his property-related due process and state law claims. Id. The District Court adopted each of these recommendations by Order dated February 10, 2016.

After repeated direction, Plaintiff filed his amended complaint on July 27, 2016. ECF Nos. 32, 33, 36, 43, 45, 46. Defendants were granted an extension of time to respond, and on December 12, 2016, Defendants filed the pending Motion to Strike Plaintiff's Amended Complaint. ECF Nos. 48, 54. Plaintiff has filed his response to the motion to strike [ECF No. 55] and the motion is now ripe for review by this Court.[1]

Defendants have filed a motion to strike Plaintiff's amended complaint pursuant to Fed.R.Civ.P. 12(f), contending that much of the 42-page document contains irrelevant

---

[1] A motion to strike is a non-dispositive motion which may be resolved by the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A).

allegations of fact, attempts to assert new claims, and otherwise fails to remedy the deficiencies of Plaintiff's access to courts claim, as required by the Court's prior Recommendation and Order.

Federal Rule of Civil Procedure 12(f) authorizes courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Although courts possess 'considerable discretion in disposing of a motion to strike under Rule 12(f), such motions are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issue in the case.'" Freedom from Religion Foundation, Inc. v. Connellsville Area School District, 2013 WL 869663, at * (W.D. Pa. Mar.7, 2013) quoting Thornton v. UL Enterprises, LLC, 2010 WL 1005021, at *2 (W.D. Pa. Mar.16, 2010). "Striking some or all of a pleading is therefore considered a drastic remedy to be resorted to only when required for the purposes of justice." Id.

Defendants contend the amended complaint, in its entirety, should be stricken as containing immaterial and impertinent matter to the extent that the document fails to cure deficiencies as previously articulated by the Court. "Immaterial" matter is that which has no essential or important relationship to the claim for relief. Del. Health Care Inc. v. MCD Holding Co., 893 F. Supp. 1279 (D.Del. 1995). "Impertinent" matter "consists of statements that do not pertain, and are not necessary, to the issues in question." Zaloga v. Provident Life & Accident Ins. Co. of America, 671 F.Supp. 2d 623, 633 (M.D. Pa. Nov.24, 2009) quoting Donnelly v. Commonwealth Fin. Sys., 2008 WL 762085, at *4 (M.D. Pa. Mar.20, 2008).

Motions to strike must be decided on the pleadings alone. Hanover Ins. Co. v. Ryan, 619 F.Supp.2d 127, 132 (E.D.Pa. 2007). Because such motions are disfavored, they typically are not granted unless the material to be stricken bears no possible relationship to the controversy and

may cause prejudice to one of the parties. Zaloga, 671 F. Supp. 2d at 633, citing Hanover Ins., 619 F.Supp.2d at 133 and Miller v. Group Voyagers, Inc., 912 F.Supp. 164, 168 (E.D.Pa.1996).

Here, such is not the case. While Plaintiff's amended complaint is prolix and difficult to follow, it is neither impertinent nor immaterial to the access to courts claims.

As this Court has previously determined, Plaintiff's retaliation and federal conspiracy claims are sufficiently pled. This Court expresses no opinion as to whether Plaintiff's access to courts claim is sufficiently pled, only that the allegations of the amended complaint are not immaterial or impertinent as those terms are defined by case law.

THEREFORE, IT IS HEREBY ORDERED THAT Defendants' motion to strike [ECF No. 54] is denied.

IT IS FURTHER ORDERED that Defendants file an answer or dispositive motion to the retaliation, federal conspiracy, and access to courts claims of the amended complaint only by September 15, 2017.

IT IS FURTHER ORDERED that discovery shall end October 20, 2017.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: August 25, 2017