IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON SLOAN, | ) |
| | ) |
| Plaintiff, | ) Civil Action No: 14-249 |
| | ) |
| v. | ) |
| | ) Magistrate Judge Baxter |
| MELISSA HAINSWORTH, et. al., | ) |
| | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) Electronically filed. |

## ANSWER

AND NOW, come the Defendants, by their attorneys Yana L. Warshafsky, Deputy Attorney General, and Kenneth L. Joel, Chief Deputy Attorney General, Chief Litigation Section, and respectfully submit the following Answer:

## FIRST DEFENSE

Pursuant to this Court's Order, ECF No. 58, the remaining claims in Plaintiff's Complaint include: (1) retaliation; (2) federal conspiracy; and (3) access to courts. Accordingly, the instant Answer is filed on behalf of the Defendants as to the remaining claims.

### I.   Jurisdiction and Venue

1-2.  These paragraphs are comprised of conclusions of law regarding the legal basis for this Court's jurisdiction, to which no response is required. However, any facts set forth by the Plaintiff are denied and strict proof is demanded.

### II.   Parties

3.  At the time of the events giving rise to the instant lawsuit, Plaintiff was housed at SCI-Somerset. However, Plaintiff is presently housed at SCI-Greene.

4.  It is admitted that the Defendants were employed at SCI-Somerset during the

1

times relevant to the instant lawsuit.  The remainder of the paragraph is comprised of legal conclusions to which no response is required; however, and facts set forth are denied and strict proof is demanded.

### III.     Preliminary Statement

5-14.    These paragraphs are a narrative of Plaintiff's complaints against the Defendants, the contents of which is denied and strict proof is demanded.  By way of further response, at no time have the Defendants impeded Plaintiff's ability to litigate any of his cases, nor have the Defendants retaliated or conspired to retaliate against Plaintiff in any way.

### IV.     Statement of Facts

15.      It is admitted that during the times noted, Plaintiff was housed at SCI-Fayette.  However, it is denied that he was given permission to retain four boxes of property.  Rather, Unit Manager Buzas authorized Plaintiff to retain 3 legal boxes of property.  The authorization expired on May 29, 2014.  The remaining factual averments are denied and strict proof is demanded.

16.      It is admitted that Plaintiff was transferred to SCI-Somerset on the date noted.  However, the remaining factual averments are denied and strict proof is demanded.  By way of further response, there are procedures in place that allow inmates, like Plaintiff, to conduct property exchanges, and if Plaintiff made the necessary request, then it was honored.

17-18.   After reasonable investigation, Defendants are unable to confirm or deny the facts averred in these paragraphs; accordingly, the facts are denied and strict proof is demanded.  By way of further answer, Defendant submit that if Plaintiff submitted Inmate's Requests to Staff, those Requests were answered.

19. It is admitted that Plaintiff submitted grievance # 485300, which is a document that speaks for itself. The remaining averments in this paragraph are denied and strict proof is demanded.

20. Denied as stated. By way of further response, plaintiff was granted the same approval for extra property as was granted to him while he was housed at SCI-Fayette. Plaintiff was provided with an explanation as to the delay of the approval – that being that his pending legal cases needed to be verified prior to the approval being issued.

21. Denied. The initial review response to grievance # 485300 was dated December 5, 2013, and indicated that Plaintiff was approved to have extra property in accordance with the approval he received at SCI-Fayette.

22. This paragraph refers to the initial review response to grievance # 485300, which is a document that speaks for itself. All other facts not pertaining to the document are denied and strict proof is demanded.

23. Denied.

24. After reasonable investigation, Defendants are without sufficient knowledge to admit or deny the averments in this paragraph. Therefore, the contents of this paragraph are denied and strict proof is demanded. Defendants, however, deny that they ever interfered with Plaintiff's ability to pursue any legal cases.

25-26. It is only admitted that Plaintiff submitted grievance # 498846, which is a document that speaks for itself. The rest of the averments are denied and strict proof is demanded. By way of further response, an Officer was sent to Plaintiff's cell so that Plaintiff could produce the verification approving his excess property; however, Plaintiff refused to make the document available to the Officer.

27-28. Denied.  At no time did any of the Defendants impede Plaintiff's ability to litigate any of his cases.  Rather, to the extent any of his cases received unfavorable rulings, such decisions resulted solely from Plaintiff's own acts.

29. Denied.  Plaintiff received the response to the grievance.  To the extent he is attempting to assert that the Defendant interfered with his ability to exhaust his administrative remedies, such averments are specifically denied and strict proof is demanded.

30-39. Denied as stated.  It is admitted that a proper search of Plaintiff's cell was conducted; however, the remaining averments are denied and strict proof is demanded.  By way of further response only normal cell trash was taken and not logged on the confiscation slip, and that all of Plaintiff's personal and/or legal materials taken were documents on the issued confiscation slips.  Officers offered Plaintiff an opportunity to select particular legal documents that he deemed necessary; however, Plaintiff refused to choose anything.   Furthermore, Plaintiff's permitted additional property was being stored in accordance with the relevant DOC policy, allowing Plaintiff to participate in legal exchanges, in accordance with policy.   However, Plaintiff failed to make the appropriate request to participate in property exchanges.

40. It is only admitted that Plaintiff submitted grievance # 509294, which is a document that speaks for itself.  The remaining facts averred in this paragraph are denied and strict proof is demanded.

41. After reasonable investigation, Defendants are without sufficient knowledge to admit or deny the averments in this paragraph.  Therefore, the contents of this paragraph are denied and strict proof is demanded.

42-43. These paragraphs pertain to the contents of grievance # 509294, which is a document that speaks for itself. To the extent there are other facts averred, such facts are denied and strict proof is demanded.

44. Denied.

45. Plaintiff references a grievance he filed, which is a document that speaks for itself. To the extent there are other facts averred, they are denied and strict proof is demanded.

46-49. After reasonable investigation, Defendants are without sufficient knowledge to admit or deny the averments in this paragraph. Therefore, the contents of this paragraph are denied and strict proof is demanded. By way of further response, Plaintiff was advised of the protocol regarding legal exchanges, which he failed to follow. Additionally, all inmate requests to staff that were submitted received a response.

50. The Inmate Requests to Staff referenced are documents which speak for themselves. By way of further response, the requests pertained to the law library, and were all promptly addressed. To the extent Plaintiff alleges that Defendants precluded him from being able to pursue his legal actions, such facts are denied and strict proof is demanded.

51-53. After reasonable investigation, Defendants are without sufficient knowledge to admit or deny the averments in this paragraph. Therefore, the contents of this paragraph are denied and strict proof is demanded. By way of further response, Plaintiff was advised of the protocol regarding legal exchanges, which he failed to follow. Additionally, all inmate requests to staff that were submitted received a response.

54. To the extent Plaintiff relies on the contents of grievances, such grievances are documents and speak for themselves. The remaining facts in this paragraph are denied and strict proof is demanded. Furthermore, it is specifically denied that Defendants interfered with

Plaintiff's ability to exhaust his administrative remedies. To the extent he failed to appeal his grievances to the necessary levels, it was due to Plaintiff's own decisions.

55.  The contents of this paragraph are conclusions of law to which no response is required. To the extent an answer is necessary, all facts are denied and strict proof is demanded.

56.  Denied. Only property that was in Plaintiff's garbage in his cell was removed and destroyed.

## V.  Legal Claims

### Access to Court

57-67.  The contents of these paragraphs are conclusions of law to which no response is required. To the extent there are facts asserted in these paragraphs, such facts are denied and strict proof is demanded. Finally, Defendants submit that Plaintiff's ability to litigate cases was not impacted by their conduct.

### Retaliation

68-73.  The contents of these paragraphs are conclusions of law to which no response is required. To the extent there are facts asserted in these paragraphs, such facts are denied and strict proof is demanded. Finally, Defendants specifically deny that they retaliated against Plaintiff in any way.

### Conspiracy

74-91.  The contents of these paragraphs are conclusions of law to which no response is required. To the extent there are facts asserted in these paragraphs, such facts are denied and strict proof is demanded. Finally, Defendants specifically deny that they engaged in a conspiracy to retaliate against Plaintiff in any way.

## VI.     Relief Requested

92-98.   Theses paragraphs are comprised of Plaintiff's requested relief for the constitutional violations he avers he sustained at the hands of the Defendants, to which no response is required.  However, to the extent an answer is necessary, Defendants deny that they violated Plaintiff's rights in any way such that damages are warranted.

## SECOND DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## THIRD DEFENSE

Defendants are entitled to qualified immunity.

## FOURTH DEFENSE

Defendants' actions and decisions with respect to plaintiff were based upon legitimate penological interests, including, *inter alia*, security concerns, and at no time did the Defendants act with deliberate indifference toward plaintiff.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by the statute of limitations.

## SIXTH DEFENSE

Plaintiff has not complied with all requirements of the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e.

## SEVENTH DEFENSE

At no time have the Defendants, either individually or in concert with others, deprived or sought to deprive the plaintiff of any rights, privileges or immunities secured to him by the Constitution or laws of the United States.

## EIGHTH DEFENSE

Defendants were at all times acting pursuant to a duty required or authorized by statute or regulation; and therefore, said acts were within the discretion granted them by statute or statutorily authorized regulations.

## NINTH DEFENSE

Defendants reserve the right to amend this pleading as needed or necessary.

WHEREFORE, the Defendants deny any and all liability to the Plaintiff and demand judgment in their favor with costs.

                Respectfully submitted,

                JOSH SHAPIRO
                Attorney General

By:    */s/ Yana L. Warshafsky*
        YANA L. WARSHAFSKY
        Deputy Attorney General
        Attorney I.D. 312915

Office of Attorney General        KENNETH L. JOEL
564 Forbes Avenue, Manor Complex    Chief Deputy Attorney General
Pittsburgh, PA 15219             Chief, Litigation Section

Date: November 13, 2017          *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the within **ANSWER** was electronically filed with the Court and served upon the following by first class mail:

AARON SLOAN
GH-2977
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

                                               /s/ Yana L. Warshafsky
                                               Yana L. Warshafsky
                                               Deputy Attorney General

Office of Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219


Date:   November 13, 2017